# HENRY RUTH

*v.*

# THE CITY OF ABINGDON.

EVIDENCE—*degree of, in action to recover penalty.* In an action to recover a penalty or fine for the violation of a town ordinance, it is error to instruct the jury that a preponderance of evidence, only, is required to convict.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellant.

PER CURIAM: This was a prosecution originally commenced before a justice of the peace, against appellant, Henry Ruth, to recover a penalty for the alleged violation of an ordinance of the town of Abingdon, against selling alcoholic or intoxicating drinks. A conviction was had before the justice of the peace, and a fine of $200 imposed. On appeal to the circuit court, a trial was had, resulting in a verdict of guilty and the assessment of a fine of $50; from the judgment whereon this appeal is taken.

The court below gave to the jury, on behalf of the prosecution, the following instruction:

"The jury are further instructed, that it is not necessary, in this case, to prove the defendant guilty beyond a reasonable doubt. It is sufficient to convict, if a preponderance of evidence is in favor of the plaintiff."

We feel compelled to reverse this judgment for the giving of this instruction, under the authority of the case of *Toledo, Peoria and Warsaw Railway Co.* v. *Foster*, 43 Ill. 480. That was a *qui tam* action against the railroad company, to recover the penalty of $50 imposed upon railways for a failure to sound a whistle or ring a bell for eighty rods before arriving at a crossing.

The court below there instructed the jury that a preponderance of evidence, only, was required, and that it was not necessary a jury should be satisfied of the guilt of the defendant beyond a reasonable doubt.

While approving the last branch of the instruction, it was held erroneous to instruct that a preponderance of evidence, only, was required in such a case, and for the error in that instruction, the judgment was reversed.

We can not distinguish the present from that case, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*