## GEORGE ALEXANDER

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa September 22, 1880.*

1. INSTRUCTIONS—*connecting two by the words " Hence in this case."* An instruction given on a trial for murder gave the statutory definition of the crime, and stated, in the language of the statute, when and under what circumstances malice would be implied. This was connected with another instruction following, by the words, " Hence in this case," which declared " if the jury believe, from the evidence, beyond a reasonable doubt, that the defendant killed A B, as charged in the indictment, under circumstances showing no considerable provocation, but showing an abandoned and malignant heart on the part of the defendant, the law pronounces it murder," etc.: *Held,* that the words " hence in this case," were used in the sense of " therefore," and must have been so understood, and did not vitiate the first instruction.

2. BURDEN OF PROOF—*degree of proof required—to establish defence on a criminal prosecution.* Where the killing is proved on a trial for murder, the burden of proving circumstances in mitigation, or that justify or excuse the homicide, is thrown upon the accused, unless the proof on the part of the prosecution sufficiently manifests the same facts, and an instruction which imposes the burden of proving such facts upon the defence without reference to whether they appear from the proof by the prosecution, is erroneous, as casting upon the defendant a greater burden than the law requires.

3. When the killing is proved, on a charge of murder, and the defendant seeks to show he was justified or excused, it is erroneous to instruct the jury that it is incumbent on him to establish satisfactorily such defence. The statute does not require such a high degree of proof. The defendant is only bound to prove the circumstances of mitigation, or that justify or excuse, as any fact is to be proved. If the proof creates a reasonable doubt of the defendant's guilt, he is entitled to an acquittal.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. C. W. UPTON, Judge, presiding.

This was an indictment against George Alexander for the murder of his wife by shooting her.

On March 24, 1879, Anna Alexander was shot by the defendant, from which shot she died. The defendant was a negro, and his wife, the deceased, was a white person. On

the day mentioned she left Sycamore, her home, and went to DeKalb. The defendant, being under the influence of intoxicating liquor, procured a gun and went to DeKalb with the design of reclaiming his wife, who was an abandoned woman. The defendant swore that the shooting was accidental. The indictment was returned June 11, 1879, and on the next day he was arraigned. A trial was had, resulting in a verdict of guilty, and awarding the death penalty, upon which judgment and sentence of death was entered.

Messrs. McKINNON & HOGAN, for the plaintiff in error:

The first and fourth instructions given for the People are erroneous.

"Murder is the unlawful killing of a human being in the peace of the people, with malice aforethought, either express or implied. Malice shall be implied when all the circumstances of the killing show an abandoned and malignant heart, and where 'no considerable provocation appears." "Hence in this case"—

"If the jury shall find from the evidence, beyond a reasonable doubt, that the killing of Anna Alexander has been proved as charged in the indictment, then any defence which the defendant may rely upon in justification or excuse of the act, or to reduce the killing to the grade of manslaughter, it is incumbent on the defendant satisfactorily to establish such defence."

The instructions for the People were all written on separate pieces of paper. The first instruction would have correctly stated the law were not the extraordinary conclusion, "*Hence in this case*," added thereto. In effect this conclusion says to the jury that in the particular case malice is to be implied, and that the circumstances show an abandoned heart on the part of the defendant, with no considerable provocation. Logically and legally this is the only correct conclusion that can be drawn from the instruction.

7—96 ILL.

The fourth instruction is not only contrary to the statute, but it is contrary to reason.   Crim. Code, ch. 38, sec. 155.

In view of this statute, the justification or excuse of the defendant may grow out of proof on the part of the prosecution.   The instruction says, "it is incumbent on the defendant to satisfactorily establish such defence."

In other words it says:   The defendant must satisfactorily establish such defence.

The statute has no such words as "satisfactorily establish."

The words are not merely generic, they are specific, and deny to the defendant the benefit of all doubt.   The killing being proved, their employment in the instruction is extraordinary.

The statute affirms a common law rule.   The instruction asserts the contrary, in language too plain to be misunderstood, and too forcible to be misconstrued.   Its effect on the jury is plain.   It says:   The killing being proved, "then any defence which the defendant may rely upon in justification or excuse, it is incumbent on the defendant satisfactorily to establish."   Is not this instruction too broad, and does it not go beyond the statute?   Is it not contrary to every well understood and well considered rule of law?

In Russell on Crimes, and all the following authorities, the rule is thus stated:

"It should be observed, as a general rule, that all homicides are presumed to be malicious, and, of course, amounting to 'murder,' until the contrary appears from circumstances of alleviation, excuse or justification, and that it is incumbent upon the prisoner to make out such circumstances to the court and jury, unless they arise out of the evidence produced against him."   1 Russell on Crimes, 669; Foster's Crown Law, 255; 4 Blackstone's Commentaries, 201; 2 Starkie on Ev. 948; East Pleas of the Crown, ch. 5, sec. 12, p. 224; Bacon's Abridgment—title Murder; *Commonwealth* v. *York*, 9 Metcalf, 93; *Green* v. *State*, 28 Mississippi, 687; *State* v.

*Johnson,* 3 Jones, 266; *Atkins* v. *State,* 16 Ark. 568; *The, People* v. *Marsh,* 6 California, 543; *State* v. *Knight,* 43 Maine.

Mr. JAMES K. EDSALL, Attorney General, for the People:

As we understand the record, counsel for plaintiff in error misquote the instructions in their brief, and bring into juxtaposition clauses of instructions which are not thus placed in the bill of exceptions, and base their argument thereon. We think an examination of the instructions as contained in the record will show that the jury could not have been misled to the prejudice of the prisoner upon the question of reasonable doubt. The jury were expressly told, in the third instruction given for the defendant, " that if, after considering all the evidence, the jury has a reasonable doubt that the defendant did *with malice aforethought,* but did by accident, discharge the gun, whereby the deceased was killed, then the jury should find the defendant not guilty."

In view of this instruction the jury could not find the defendant guilty, unless they were satisfied, from all the evidence, that the shooting was not accidental.

The jury were not told that the prisoner must himself adduce the evidence to show a justification or excuse for the homicide, etc., independently of that given in behalf of the prosecution.

The instructions, taken together, made it incumbent on the jury to consider all the evidence in the case.

Mr. J. L. PRATT, State's attorney, also for the People:

The rule of law which defendant's counsel claim was omitted from the People's fourth instruction was included in the People's third instruction, in its broadest sense, and substantially given in six other instructions, and I think it can hardly be said that defendant's conviction was due in any part to the fact that this rule of law was not repeated in the People's fourth instruction.

Improper instructions will not reverse where another in-

struction puts the case fairly before the jury and correctly states the law. *Warren* v. *Dickson*, 27 Ill. 115; *Van Buskirk* v. *Day*, 32 id. 260; *Morgan* v. *Peet*, 32 id. 281; *Illinois Central Railroad Co.* v. *Swearingen*, 47 id. 206.

The same rule applies to criminal cases. *Kennedy* v. *The People*, 40 Ill. 488.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

At the June term, 1879, of the DeKalb county circuit court an indictment was presented in open court by the grand jury of that county, charging George Alexander with the murder of Anna Alexander. On the next day defendant was arraigned, and entered a motion to quash the indictment. That motion the court overruled and the accused, standing mute, the court directed a plea of "not guilty" to be entered. The record recites that on the same day the motion to quash the indictment was overruled, which was the next day after the indictment was presented in court, defendant was placed on his trial, and was by the jury found guilty of murder, and, as the jury by their verdict fixed the "penalty of death" as the punishment, the accused was sentenced by the court to be hanged until he was dead.

The accused is charged with the murder of his wife by shooting her. That he killed her, admits of no doubt. The defence is that the gun with which the fatal injury was inflicted was accidently discharged, without the fault of defendant. The testimony of defendant is to that effect, but what credit was to be given to it was, of course, for the jury.

As the present judgment is to be reversed on account of erroneous instructions given at the trial on behalf of the people, we forbear to remark upon the merits of the defence sought to be interposed, but leave the question of the guilt or innocence of defendant to be determined by the jury on another trial.

The first instruction given on behalf of the people contains the statutory definition of murder, and states, in the precise

language of the statute, when and under what circumstances malice will be implied.

That instruction is connected with the next following one, which declares, "if the jury believe from the evidence, beyond a reasonable doubt, that the defendant killed Anna Alexander, as charged in the indictment, under circumstances showing no considerable provocation, but showing an abandoned and malignant heart on the part of defendant, the law pronounces it murder, and the jury should find the defendant guilty of murder," by the words, "Hence in this case."

It is insisted by counsel for the accused, that both these instructions were written on separate pieces of paper, and that the addition of the words, "hence in this case," vitiates the first instruction and renders it faulty, but we do not find it so stated in the record. It seems more probable the words were intended merely to connect the two instructions together. One definition of the word "hence," as given in the recent edition of "Webster's Dictionary," is, "from this cause or reason; as, an inference or deduction." If the jury understood the word "hence" in this sense, it is possible it may have made a wrong impression on their minds. What the jury may have or would believe from the evidence, as to the circumstances of the killing, can not be said to be "an inference or deduction" from the principles stated in the previous instruction. But there is another sense in which we think the phrase, "Hence in this case" was used by the court. In that connection it is the equivalent of "therefore," and must have been so understood. The use of the word "therefore," in that connection, would not have been objectionable. Adopting that meaning, the expression "hence in this case" is simply a pleonasm. The word "therefore" might with greater propriety have been used in its stead.

The fourth instruction in the series given on behalf of the people, is as follows: "If the jury shall find, from the evidence, beyond a reasonable doubt, that the killing of Anna Alexander has been proved as charged in the indictment,

then any defence which the defendant may rely upon in justification or excuse of the act or to reduce the killing to the grade of manslaughter, it is incumbent upon the defendant satisfactorily to establish such defence."

This instruction does not state a correct principle of law. Undoubtedly it was the intention of the court to inform the jury when the burden of proof would shift from the prosecution to the defence, but the charge in this respect is much broader than the law will warrant. The statute declares in clear and explicit terms when the burden of proof is upon the defendant in such cases, and the court may not require him to prove more than the statute itself requires. Section 155 of the Criminal Code declares, "the killing being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide, will devolve on the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide."

It will be observed that the instruction given contravenes this provision of the statute in two essential particulars: First, it casts upon the accused the burden of proving circumstances of mitigation, or that justify or excuse the homicide, without reference to the question whether the proof on the part of the prosecution may have sufficiently manifested the same facts. This is not the law. If the proof on the part of the prosecution made it manifest the accused was justified or excused in committing the homicide, he was not bound to prove it by affirmative evidence offered by himself. Any instruction that made it necessary for him to offer such additional evidence is vicious, as casting upon the accused a burden the law has not imposed.

Second, the killing was proved, but the accused sought to show he was justified or excused in committing the homicide, and this instruction told the jury it was "incumbent upon the defendant satisfactorily to establish such defence." The

statute has not required him to so prove his defence. He is only bound to prove the circumstances of mitigation, or that justify or excuse the homicide, as any other fact is to be proved. The jury might well understand from the use of the words "satisfactorily to establish such defence," that something more than mere proof of such circumstances was required.<sup> </sup> This is stating the rule of evidence broader than the law will warrant. The statute provides he is only bound to prove the circumstances that justify or excuse the homicide as any other fact is to be proved, and as this instruction cast upon the accused what may have well been understood to be a higher degree of proof, it is plainly erroneous and may have prejudiced the defence.

A defence, though not satisfactorily proven, yet it might be supported by such proof as would produce grave doubts as to the guilt of the prisoner. Where there are reasonable doubts of the guilt of the accused, the rule of law is, there must be an acquittal.

For the error indicated the judgment will be reversed, and the cause remanded for a trial *de novo*.

*Judgment reversed.*

WALKER, CRAIG and SCHOLFIELD, JJ., dissenting:

We dissent from the opinion of the court. The evidence preserved in this record, in our opinion, shows, beyond all doubt, that the defendant wilfully took the life of the deceased. The defence that she was killed by accident is unsupported by anything save the defendant's own statement, and it is utterly inconsistent with facts established by uncontroverted evidence.

It was said in *Kennedy* v. *The People*, (which was a capital case,) 40 Ill. 497: "This court has often held, where a series of instructions embrace the law of the case when taken and considered together, though one of them may be erroneous, still, for such error a judgment will not be reversed, provided it shall appear from the whole record that substantial justice

has been done, and no prejudice has resulted by reason of such erroneous instruction, and that the law of the case has been fully given to the jury."

The same doctrine is recognized in *Leach* v. *The People,* 53 Ill. 318, *Smith* v. *The People,* 74 id. 144, and *Wilson* v. *The People,* 94 id. 327.

This principle, we had thought, was firmly established as a part of the criminal law of this State.

The objection to the People's third instruction, that it excludes from the consideration of the jury proof on the part of the prosecution, of circumstances of mitigation, or that justified or excused the homicide, is not tenable, for the reason that there is not the slightest foundation for pretending that there was any such evidence before the jury. Surely, it was never held to be error to not submit that for the consideration of the jury which has no evidence upon which to rest.

If the People's third instruction stood unqualified and alone, we concede that the language that " it is incumbent on the defendant to satisfactorily establish his defence," would render it erroneous. But it does not stand thus, and, taking it as it does stand, it is, in our opinion, impossible that it could have misled the jury. If it stood alone, the language indicated would be objectionable, because it would leave the jury to determine for themselves how much evidence it requires to " satisfactorily " establish the defence; but when considered in connection with the other instructions, they supplement what is thus omitted. The People's first, second and third instructions indirectly assert, and their fourth, fifth, sixth and seventh instructions by necessary implication concede, that the defendant can not be found guilty unless the jury shall be satisfied, from the evidence, of his guilt, beyond a reasonable doubt. This is directly asserted in defendant's second, third and fourth instructions, and there is nothing in any instruction even tending to contradict it. The defendant's third instruction covers, and puts

in the most favorable light he could ask, the entire ground of his defence. It says, "that if, after considering all the evidence, the jury have a reasonable doubt that the defendant did with malice aforethought, but did by accident, discharge the gun, whereby the deceased was killed, then the jury should find the defendant not guilty."

So, it would seem clear that a jury, giving heed to the instructions, could but regard that the defence was sufficiently made out to authorize a verdict of not guilty when it raised a reasonable doubt of guilt.

In no view, however, do we conceive that injustice has been done the defendant. His guilt is clear to a moral certainty. He has had the law in his favor fully given to the jury. His conviction has not been the result of passion, prejudice or misapprehension of the facts or the law, and it ought to stand.