PHILLIP SMITH

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon June 18, 1892.*

1. CRIMINAL LAW—*reasonable doubt as to whether the killing is murder or manslaughter.* If the proof on the part of the prosecution, though clearly establishing the homicide, leaves a reasonable doubt in the minds of the jury as to whether the killing is murder or manslaughter, or as to whether the accused was justified or excused in committing the homicide, he is entitled to the benefit of that doubt, and can only be convicted of the lesser offense or be acquitted.

2. SAME—*when killing amounts only to manslaughter.* Where one person attacks another without justifiable cause, and "without malice, express or implied, and without any mixture of deliberation whatever," and by the use of a deadly weapon kills him, the killing amounts only to manslaughter.

3. SAME—*intentional killing not always a crime.* A person may intentionally take human life without being guilty of murder, and he may do so and not be guilty of any crime.

4. SAME—*prosecution for murder—instruction as to the force of the evidence and the intention of the accused.* On the trial of one for murder, the court instructed the jury that "if one person attacks another without justifiable cause, and from the violence used death ensues, the question which arises is, whether it be murder or manslaughter. If the weapon used was a deadly weapon, it is reasonable to infer that the party intended death, and if he intended death, and death was the consequence of his acts, it is murder:" *Held,* erroneous.

5. SAME—*trial for murder—instruction as to the burden of proof of facts to reduce the offense to manslaughter.* On the trial of one for murder, in which the homicide was not disputed, but it was insisted that the killing was justifiable on the ground of self-defense, or amounted only to manslaughter, the court instructed that "the killing being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide, will devolve upon the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the accused was justified or excused in committing the homicide:" *Held,* that the instruction was misleading and erroneous.

6. INSTRUCTIONS—*oral instruction as to the form of the verdict on a trial for murder.* On the trial of one for murder, the court, in a written

instruction, gave the form of the verdict. on a conviction of murder, and orally instructed the jury as to the form of the verdict in case of a conviction for manslaughter: *Held,* that it was irregular to instruct the jury orally on any feature of the case, except by consent, but such error was not sufficient to require a reversal.

7. SAME—*accuracy required where the evidence is conflicting.* Where the evidence is conflicting, and such as will justify a verdict for either side, the instructions should be accurate to sustain a judgment rendered upon the verdict. This rule applies to both civil and criminal trials.

8. PRACTICE—*improper remarks to the jury.* Where the record fails to show that any objections were taken at the time of the making of improper remarks to the jury, and no ruling of the trial court to which exception was taken and preserved in the bill of exceptions, this court can not pass upon the subject of such remarks.

WRIT OF ERROR to the Circuit Court of Hamilton county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Mr. T. B. STELLE, and Mr. A. M. WILSON, for the plaintiff in error:

The court erred in refusing this instruction: "The court instructs the jury that the language of the statute which says, 'the killing of the other was absolutely necessary,' has been construed by the Supreme Court of this State so that it need not be absolutely necessary to kill the other. It is enough if the necessity for killing appears, under the circumstances, to a reasonable man,—then it is a justification, although the danger was not real, and there was in fact no absolute necessity for the taking of life." *Kinney* v. *People,* 108 Ill. 519; *Campbell* v. *People,* 16 id. 17; *Schnier* v. *People,* 23 id. 17; *Hopkinson* v. *People,* 18 id. 264; *Reins* v. *People,* 30 id. 256; *Maher* v. *People,* 24 id. 241; *Gainey* v. *People,* 97 id. 270; *Roach* v. *People,* 77 id. 25; *Steinmeyer* v. *People,* 95 id. 383.

The People's seventh instruction was erroneous. Under this instruction it could not avail the defendant that the jury might entertain a reasonable doubt as to whether the killing

was in self-defense.   His defense, to avail him, must be satisfactorily established.   *Stuart* v. *People,* 73 Ill. 20 ; *Smith* v. *People,* 74 id. 144.

The eighth of the People's instructions was erroneous. Rev. Stat. chap. 38, secs. 188, 191, 192, 196.

It is no answer to these objections to say that there were other instructions which lay down the rules of law more accurately.   When a man's life and liberty are involved he has a right to demand that all the instructions to the jury shall state the law correctly.   It has been repeatedly held that an erroneous instruction is not cured by another which correctly states the rule, because it leaves the jury at liberty to select and act upon either instruction, as might best accord with their views.   *Railroad Co.* v. *Payne,* 49 Ill. 499 ; *Railroad Co.* v. *Harwood,* 80 id. 88 ; *Hoge* v. *People,* 117 id. 35.

Mr. GEORGE HUNT, Attorney General, Mr. ISAAC H. WEBB, State's Attorney, and JOHN C. EDWARDS, for the People :

The refused instruction does not purport to instruct the jury as to the law, but informs the jury what the Supreme Court has decided in reference to certain words, when in fact the court has not decided as stated.   Besides, the jury were properly instructed on the points attempted to be covered by this instruction.

The objections to the seventh and eighth of the People's instructions are not well taken.

Mr. JUSTICE WILKIN delivered the opinion of the Court :

At the September term, 1891, of the circuit court of Hamilton county, plaintiff in error was convicted of the crime of murder, and sentenced to the penitentiary for a term of twenty years.   From that conviction he has sued out this writ, and under the assignments of 'error urges four grounds of reversal : First, the refusal of the trial court to give instructions asked by plaintiff in error; second, the giving of erroneous instruc-

tions at the request of the People; third, improper remarks to the jury by attorneys for the prosecution; and fourth, the verdict of the jury is contrary to the law and the evidence. The last of these points will be considered first.

The indictment charged the defendant with murdering one Benjamin Franklin Burnett, by stabbing him with a knife, on the 24th day of December, 1890. On the night of the homicide there was a gathering of people at a small church in the village of Walpole, in said Hamilton county, for the purpose of distributing presents from a Christmas tree. The house was very much crowded, and the evidence shows that the deceased and his brother had been designated by some one to preserve order. The deceased was, however, intoxicated, and himself contributed to the confusion and disorder in the house. Others present were also intoxicated, and the defendant was at least to some extent under the influence of liquor. Shortly before the stabbing, the deceased and a son of the defendant had a quarrel, and blows had passed between them. The evidence shows that during the evening the deceased displayed a knife and his brother a revolver. The defendant was disposed to quarrel with these parties about the difficulty with his son, using profane and threatening language, and some of the witnesses say he also displayed a knife. A fight finally occurred inside but near the door of the church, in which several persons seemed to be engaged. There is evidence in the record, on behalf of the People, tending to show that during that fight the defendant struck the deceased with a knife. Soon after this fight the parties were seen outside the building, and the testimony of at least two witnesses introduced by the prosecution shows positively, that, being several feet from each other, the defendant deliberately approached the deceased and struck him with a knife in the region of the stomach.

There is no dispute as to the fact that Burnett was, during that evening, wounded by being stabbed in the abdomen, and

that he died the next day from the effects of that wound. The defendant did not testify upon the trial, but it appears from the evidence of the sheriff of the county, and perhaps other witnesses, that when told that Burnett had been mortally wounded that night, he denied having used any weapon whatever in the difficulty at the church, and stated that he had no knife in his possession at that time. It is impossible to determine, from the evidence, just when the stabbing took place,— whether in the house or after the parties had gone out; but we think the jury was justified, from all the evidence, in reaching the conclusion that it was done by the defendant. The difficulty is to determine, from the testimony of the numerous witnesses, whether it was done in self-defense, in a sudden heat of passion during the fight, or after the parties had been separated,—in other words, whether the homicide was justifiable, manslaughter, or murder. More than a dozen eyewitnesses to the affray testified on either side. The evidence of some of these tends to show that the killing was done in self-defense; that of others is to the effect that it was done while the parties were engaged in a fight or at a time when the deceased was in the act of assaulting the defendant, while, as already said, others testified that the mortal blow was given at a time when there was no struggle between the parties, and without any immediate provocation. In this irreconcilable conflict, the jury, properly instructed as to the law, would be the better judges of the weight of the evidence of the several witnesses, and we are not disposed to interfere with the verdict finding the defendant guilty of murder, on the ground that the evidence is not sufficient to prove that crime.

A much graver question arises when we come to consider the instructions given to the jury. We have often said, both in civil and criminal cases, that when the evidence is conflicting, and would authorize the jury to find for either party, the instructions should be accurate, to sustain a judgment rendered upon the verdict. This case calls for the application

of that rule.    The seventh of the People's instructions is as follows:

"The court instructs the jury, if they shall believe, from the evidence, beyond a reasonable doubt, that the killing of Burnett has been proved as charged, then any defense which defendant may rely upon in justification or excuse of the act, or to reduce the killing to the grade of manslaughter, it is incumbent on the defendant to satisfactorily establish such defense, unless the proof thereof arises out of the evidence produced against him."

This instruction is clearly wrong, and was expressly condemned in *Alexander* v. *The People,* 96 Ill. 96.    The statute is: "The killing being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide, will devolve on the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the accused was justified or excused in committing the homicide."    If the proof on the part of the prosecution, though clearly establishing the homicide, leaves a reasonable doubt in the minds of the jury as to whether the killing is murder or only manslaughter, or as to whether the accused was justified or excused in committing the homicide, he is entitled to the benefit of that doubt, and can only be convicted of the lesser offense or acquitted. This instruction is therefore erroneous, not only in requiring the defendant to make *satisfactory* proof of the mitigation or defense, as did the condemned instruction in *Alexander* v. *The People, supra,* but in putting the burthen upon him, unless *satisfactory* proof of such mitigation or defense arises out of the evidence on behalf of the People.    It can well be seen from the evidence in this record, that a jury might believe, beyond a reasonable doubt, that the killing was done as charged, and yet entertain serious and well-grounded doubts as to whether the fatal wound was not inflicted in the sudden heat of passion or even in self-defense.    But here they were

told that such mitigation or defense must satisfactorily appear from the evidence introduced by the prosecution, or be satisfactorily proved by the accused. The instruction is misleading, and, if observed by the jury, deprived the defendant of a clear legal right.

The eighth of the same series of instructions is equally vicious. It is as follows:

"The court instructs the jury, if one person attacks another without justifiable cause, and from the violence used death ensues, the question which arises is, whether it be murder or manslaughter. If the weapon used was a deadly weapon, it is reasonable to infer that the party intended death, and if he intended death, and death was the consequence of his act, it is murder."

Suppose the defendant did attack the deceased without justifiable cause, "but without malice, express or implied, and without any mixture of deliberation whatever," and by the use of a deadly weapon killed him, would he be guilty of murder? If so, what is the meaning of the statute defining manslaughter, when it says, "It must be voluntary, upon a sudden heat of passion," etc.? In every case of manslaughter the attack is without justifiable cause, but with due regard to the frailties of human passion the statute says the killing of a human being under the circumstances therein stated shall be manslaughter, only. This instruction makes the intention to kill, the distinguishing feature of the murder. That is not the test. A person may intentionally take human life without being guilty of any crime, and certainly he may do so and not be guilty of murder. Under this instruction, if the jury believe, beyond a reasonable doubt, that the plaintiff killed the deceased without justifiable cause, with a deadly weapon, they had no choice but to find him guilty of murder. In the giving of both these instructions there was manifest error, and it can not be said that other instructions given at the instance of either the People or the defendant cured that error. The

most that can be said is, that other instructions correctly stated the law of the case; but whether the jury followed them, uninfluenced by the erroneous ones, or not, no one can tell.

The ninth instruction is subject to the criticism of being rather an argument than the statement of a rule of law applicable to the facts of the case.

The twenty-fourth was an oral instruction as to the form of a verdict in case the jury found the defendant guilty of manslaughter. The complaint is, not that the instruction was given, but that it was not reduced to writing, the argument being, that the form of the verdict for murder being in writing, and that for manslaughter not, the jury would be liable to disregard or attach less importance to the latter than the former, and be impressed with the idea that the court regarded the case as one of murder rather than manslaughter. It was certainly irregular to instruct the jury orally on any feature of the case, unless it was done by agreement. We can not say, however, that there was reversible error in giving the form of the verdict as to the lesser offense orally. If counsel for defendant desired to have the jury instructed as to the form of their verdict for manslaughter they should have prepared an instruction of that kind and submitted it to the court.

We find no substantial error in the refusal of instructions asked by the defendant.

The point that improper remarks were made to the jury by counsel for the prosecution is not presented upon this record, there being no objections at the time, and no ruling of the trial court upon that subject to which exceptions were preserved.

For the error committed in giving the seventh and eighth instructions on behalf of the People the judgment of the circuit court will be reversed, and the cause will be remanded for another trial.

*Judgment reversed.*