### Henry Gunkel et al. v. Henry Bachs.

1. PRACTICE—*Proof of Title in Fee Simple.*—Where one avers that he is the owner of land in fee simple, he must prove the averment by such evidence, at least, as would have entitled him to recover in an action of ejectment.

2. SAME—*Proof in Actions for Penalties.*—In actions for penalties more than a preponderance of the evidence is required to sustain a verdict for damages.

Debt, for recovery of penalties. Appeal from the Circuit Court of Madison County: the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the February term, 1902. Reversed and remanded Opinion filed September 11, 1902.

WILLIAM P. BRADSHAW and TERRY & WILLIAMSON, attorneys for appellants.

Gunkel v. Bachs.

Springer & Buckley, attorneys for appellee.

Mr. Presiding Justice Bigelow delivered the opinion of the court.

Appellee originally brought an action of trespass, but by leave of court afterward changed his declaration to an action of debt against appellants for the recovery of penalties for cutting certain trees, without permission of appellee so to do, which were standing and growing upon the southwest quarter of the northwest quarter of section number five, in township number five north, in range number seven west of the third principal meridian, in the county of Madison in this State, which land appellee claimed to be the owner of in fee simple. The action was brought under section 5 of chapter 136 of the Revised Statutes. A trial by jury resulted in a verdict that appellants were guilty of cutting eight trees (naming the several kinds and penalties), the total penalties amounting to $39.

A motion by appellants for a new trial having been overruled, they interposed a motion in arrest of judgment, which was also overruled, and exception was taken to each ruling.

Ten errors are assigned on the record, but it will be necessary to notice only the ruling of the court in overruling appellants' motion for a new trial, for the alleged reason that the verdict was contrary to both the law and the evidence.

Appellee averred in his declaration, that he was the owner of the land in fee simple, on which the trees were growing, at the time they were cut; it therefore became necessary that he should prove the averment by such evidence at least, as would have entitled him to recover had the action been ejectment instead of debt. Wright v. Bennett, 3 Scammon, 258. We are not to be understood, however, that such a *quantum* of evidence would have been sufficient, as the action is for a penalty, and it is a well established rule of law that in such a case more than a preponderance of the evidence is required to sustain a verdict for damages. Town of Lewiston v. Proctor, 27 Ill. 414; T. P. & W. Ry.

Co. v. Foster, 43 Ill. 480; Ruth v. City of Abingdon, 80 Ill. 418.

For anything that appears in the record, the title to the land where the trees were cut is still in the government, as no patent for it, or certificate of entry of it, was put in evidence.

Appellee testified that he owned the land; Henry Gunkel testified that he owned and had been in exclusive possession of it for more than fifteen years past.

Appellee put in evidence a warranty deed of the land to him, executed by one John Weaver, on the 22d of March, 1893.

There is no legal evidence in the record that Weaver ever had any title to the land, or that he was ever in possession of it. If he was not in possession of the land, exercising dominion over it, he had nothing to sell, and his deed conveyed nothing, unless he had title deducible from the government or under some one of the various statutes of limitation, and there is no evidence in the record that he had either.

For the error in overruling the motion of plaintiffs in error to set aside the verdict and grant a new trial on the ground that the verdict was against the law and the evidence, the judgment is reversed and the cause remanded.