## City of Chicago, Defendant in Error, v. M. Classen, Plaintiff in Error.

## Gen. No. 16,176.

1. INSTRUCTIONS—*when upon quantum of proof erroneous.* In an action of debt for the recovery of a penalty more than a preponderance of the evidence is necessary to authorize a recovery and an instruction which permits a recovery upon a mere· preponderance of the evidence is erroneous.

2. INSTRUCTIONS—*when should be accurate.* Where the evidence is conflicting the instructions should be accurate to sustain the judgment rendered on the verdict.

Error to the Municipal Court of Chicago; the HON. JUDSON F. GOING, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed May 20, 1912.

SYMMES & KIRKLAND, for plaintiff in error; JOHN A. ROSE, of counsel.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff in error was charged with violating section 1454 of the Municipal Code of Chicago, was found guilty by a jury and his fine assessed at fifty dollars. The court overruled his motion for a new trial and rendered judgment on the verdict to reverse which this writ of error is prosecuted.

The Court instructed the jury that before they could find the defendant guilty they must, "find from a greater weight or preponderance of the evidence that the charge against him had been sustained."

This instruction was wrong. In an action for debt for the recovery of a penalty, more than a preponderance of the evidence is necessary to authorize a recovery. A. T. & S. F. Ry. Co. v. The People, 227 Ill. 270; T. P. & W. Ry. Co. v. Foster, 43 id. 480; Ruth v. Abingdon, 80 id. 418.

The evidence was conflicting, and in such a case the instructions should be accurate to sustain a judgment rendered on the verdict. Smith v. The People, 142 Ill. 117.

For the error in this instruction the judgment is reversed and the cause remanded.

*Reversed and remanded.*