## City of Chicago, Defendant in Error, v. Frank Stone, Plaintiff in Error.

### Gen. No. 18,768.

1. GAMING, § 42*—*when evidence sufficient to establish guilt of defendant*. On prosecution to recover a penalty for a violation of a city ordinance in keeping a place for the purpose of permitting persons to gamble for money or other valuable things in violation of the ordinance, evidence *held* sufficient to establish the guilt of defendant in keeping a place for betting on races.

2. MUNICIPAL CORPORATIONS, § 864*—*degree of proof required to sustain conviction for violation of ordinance imposing a penalty*. A prosecution by a city of a party for violation of an ordinance imposing a penalty for such violation is a civil suit, and where no crime is charged in the complaint, the violation of the ordinance may be proved by a clear preponderance of the evidence, and it is not necessary to establish the *corpus delicti* and defendant's guilt beyond a reasonable doubt.

3. EVIDENCE, § 472*—*degree of proof required in civil actions where crime is charged in pleadings*. Where a crime is charged in the pleadings in civil actions, except in slander and libel, the rule of evidence in criminal cases is applicable and the crime charged must be proved beyond a reasonable doubt.

4. CRIMINAL LAW, § 173*—*proof of corpus delicti. Corpus delicti* may be established by circumstantial evidence.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed May 20, 1914.

HENRY M. SELIGMAN, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; ALBERT J. W. APPELL, of counsel.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Plaintiff in error was prosecuted by defendant in error for violating section 982 of the Chicago Code of 1911, by being connected with the management and operation of the place known as Number 9, Quincy street, Chicago, which the complaint charged was then and there kept for the purpose of permitting persons to gamble for money or other valuable things in violation of said ordinance. Plaintiff in error filed a waiver of a jury trial and the cause was tried by the court. The court found the defendant guilty and assessed his penalty at twenty-five dollars, for which sum and the costs of prosecution a judgment was entered.

A reversal of the judgment is asked upon the sole ground that the evidence does not sustain the finding and judgment of the court.

Christian Horsmann, a police officer of defendant in error, testified, in substance, that on August 13, 1912, he and police officer Pfannkuche entered the saloon at 9 Quincy street through the roof and crawled through a toilet window at the top of the stairway leading down into the saloon; that he heard the telephone bell ring and heard somebody answer it, saying, "Five to win;" that he could not see who was talking, but that it sounded like plaintiff in error's voice; that then he heard some one say, "Jiggers, the coppers are next door"; that he and Pfannkuche then ran down stairs searched the place and searched plaintiff in error and found a jockey sheet and a racing form of said date in his pockets; that he then asked plaintiff in error if he was taking any bets and that he said he "was not doing but very little, just making a living"; that when they got him he was standing back of the bar of the saloon; that a man named Jack Ford, whom they had arrested on the same charge before that in the building across the street there, and several other men were in the saloon; that he saw nobody make a bet there that day, and saw no other men in there doing anything, except those men just standing at the bar.

Officer Pfannkuche corroborated Horsmann's evidence except in his testimony that he did not remember the conversation that day between Horsmann and plaintiff in error, and could not recall that on that date Horsmann asked him if he was making a book.

Plaintiff in error was the only witness in his own behalf and testified that he had no conversation with Horsmann in which he told him he was making a book; that no conversation whatever with Horsmann was had, and that nobody said "Jiggers, the coppers are coming"; that he was not at the telephone talking about bets, and was tending bar; that he never listened to them at all, and that the nearest telephone was ten feet from the bar; that he buys a racing form every morning, and that he bought the racing form in evidence that morning; that he found the jockey sheet in evidence in that place on the back table and put it in his pocket; that none of the figures or the writing thereon are in his handwriting, and that he never used it for the purpose of betting, and was not making or taking any bets at that time.

The evidence for defendant in error is sufficient to support the judgment, if true. The credibility of the witnesses was a question of fact for the lower court, and we see no reason for disturbing the court's finding. Plaintiff in error's testimony is a sweeping denial that any conversation whatever took place between him and Horsmann, although it is an undisputed fact that he searched plaintiff in error then and there and arrested him on the charge in question. He also denied all knowledge of any gambling at that place at that time. It is rather remarkable if no conversation took place between him and Horsmann. Another circumstance that the court was warranted in considering as having some bearing on the question was the undisputed fact that there were a number of men then standing at the bar of the saloon when the officers entered, and none of them were offered in evidence to

sustain plaintiff in error's evidence, and their failure to testify was not accounted for by him.

It is insisted that as plaintiff in error was charged with a crime, the conviction cannot be sustained, because the *corpus delicti* and his guilt were not established beyond a reasonable doubt. A prosecution by a city of a party for violating an ordinance imposing a penalty for such violation is a civil suit. Where no crime is charged in the complaint, the rule is that the violation of the ordinance must be proved like any ordinary civil suit for the recovery of a penalty, by a clear preponderance of the evidence. *Town of Lewiston v. Proctor,* 27 Ill. 414; *Toledo P. & W. Ry. Co. v. Foster,* 43 Ill. 480; *Ruth v. City of Abingdon,* 80 Ill. 418.

Where a crime is charged in the pleadings in civil actions, except in slander and libel, the rule of evidence in criminal cases is applicable, and the crime charged must be proved beyond a reasonable doubt. *Sprague v. Dodge,* 48 Ill. 142; *People ex rel Deneen v. Sullivan,* 218 Ill. 419.

If it be conceded that a crime is charged in the present complaint, the evidence is sufficient to establish the guilt of plaintiff in error beyond a reasonable doubt. The *corpus delicti* may be established by circumstantial evidence. The jockey sheet offered in evidence and which was found in plaintiff in error's pocket had marked on it in pencil the odds for that day's races. It was proper evidence to be considered, as was the racing form, and while these two exhibits taken alone would not be sufficient to prove that a gambling house was being conducted in that place, still, when considered with the other evidence, the proof is ample to prove that fact without taking into consideration plaintiff in error's confession to the officer. It is also ample to prove that plaintiff in error was connected with the operation of that business there, when considered with his confession, which was competent evidence on that question. Jurors and

judges are allowed to use their common sense and common observation and general knowledge in considering evidence and drawing the proper inference from it. *Robbins v. People,* 95 Ill. 175.

Every business is transacted in language specially coined for it, and with implements specially fitted to its use. One simply retailing liquor over the bar under the protection of a license would not be likely to use the language attributed to plaintiff in error just before and at the time he was being arrested by the officers under the charge in question. That language with the other circumstances tends strongly to convince us that the judgment is well supported, and it is, therefore, affirmed.

*Judgment affirmed.*