# City of Mount Vernon, Illinois, Appellee, v. H. C. Rainwater, Appellant.*

1. PENALTIES AND FORFEITURES—*degree of proof required to recover.* While a suit to recover a penalty for violating an ordinance against maintaining a disorderly house is civil in nature, yet a greater degree of proof is required to convict than a mere preponderance of evidence.

2. PENALTIES AND FORFEITURES—*admitting evidence of other than defendant's ordinance violations as error.* In an action to collect penalties for infringing an ordinance against maintaining a disorderly house, the admission of evidence as to what other parties on the premises pleaded guilty to in other cases when charged with violating other sections of the ordinance than defendant violated, is erroneous.

* Received from clerk of Appellate Court, August 8, 1927.

Appeal by defendant from the Circuit Court of Jefferson county; the Hon. J. C. KERN, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed March 10, 1924.

W. H. GREEN, for appellant.

GEORGE G. GILBERT, JR., for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit to recover from appellant a penalty for the alleged violation of an ordinance of the City of Mount Vernon, Illinois.

The complaint made July 14, 1922, charged appellant with violating section 4 of ordinance 345 of said city, by keeping or maintaining a common ill-governed and disorderly house to the encouragement of idleness, gambling and drinking or fornication, and a warrant was issued thereon by a police magistrate. On appeal the case was tried in the circuit court of Jefferson county with a jury and a verdict of guilty was returned and a fine of $10 assessed against appellant. There was a judgment against appellant for said fine of $10 and costs and it was ordered that appellant be committed to jail in case of his failure to pay the fine and costs in 30 days.

On the trial in the circuit court the court instructed the jury: "The suit is a civil one and the rules of evidence are the same as in a civil suit; the city is only required to prove the guilt of the defendant by the preponderance of the evidence or the greater weight of the testimony." It is insisted by appellant that this instruction is erroneous for the reason that while the suit is civil in its nature, yet as it was brought to recover a penalty for the violation of a city ordinance, a greater degree of proof is required for a conviction than a mere preponderance. The position taken by

appellant on this question is sustained by the well-established rules of evidence in this State. An early case on this subject is the case of *Ruth v. City of Abingdon,* 80 Ill. 418, where the Supreme Court held, in a prosecution to recover a penalty for the violation of a "town ordinance" against selling intoxicating drinks, that in such an action it was error to give an instruction to the effect that it was sufficient to convict if a preponderance of the evidence was in favor of plaintiff. This case has been often cited with approval and never, so far as we have been able to learn, has it been distinguished in any way. Among the other cases adhering to this rule in actions to recover penalties for violation of a city or village ordinance are *City of Waverly v. Goss,* 138 Ill. App. 68; *City of Chicago v. Classen,* 170 Ill. App. 310; *City of Chicago v. Stone,* 187 Ill. App. 90. In two of the above cases the amount of evidence required for a conviction of the violation of a city or village ordinance is described as "a clear preponderance." Under this line of authorities the instructions complained of were clearly erroneous and constituted reversible error.

It appeared from the proofs that the officers raided. or searched appellant's place of business, the same being a hotel, on the night of July 13, 1922, and at the same time arrested, in addition to appellant, other persons then on his premises against whom charges were also preferred the next day. The court admitted in evidence the docket of the justice of the peace showing that these parties were charged with a violation of section 1 of ordinance 260, and that one person was charged with a violation of section 2 of ordinance 698. The docket in each case showed that pleas of guilty were entered by the parties so charged and fines assessed but did not show what they pleaded guilty to. These ordinances, of which violations were charged in these entries of the police magistrate, were not introduced in evidence but, over the objection of

appellant, witnesses were allowed to testify that the charges to which the respective defendants entered pleas of guilty were gambling except as to one and that he pleaded guilty to "having" intoxicating liquor. It is urged by appellant this testimony was improperly admitted.

Waiving the question whether the judgments of the police magistrate could be properly explained or amplified by parol testimony, yet we are of the opinion that the admission of this testimony as to what other persons pleaded guilty to in other cases, when charged with violating other sections of the ordinance of appellee than that which appellant was charged with violating, was erroneous as against appellant.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*