**City of Chicago, Appellee, v. Butler Brothers, and G. R. Herberger, Appellants.**

**Gen. No. 45,964.**

Opinion filed June 18, 1953. Released for publication July 10, 1953.

EDWIN O. WACK, MILTON A. KOLAR, and ELAINE STRAUSCHILD, all of Chicago, for appellants.

JOHN J. MORTIMER, Corporation Counsel for City of Chicago, of Chicago, for appellee; L. LOUIS KARTON, Head of Appeals and Review Division, and SYDNEY R. DREBIN, Assistant Corporation Counsel, both of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff filed its complaint against defendants, consisting of two counts based on the alleged violation of the Smoke Abatement ordinance, Chapter 99–71 of the Municipal Code. A hearing without a jury resulted in a finding of guilty as to the corporate defendant and a fine of $100 and costs assessed against said defendant.

The ordinance is as follows:

"It shall be unlawful for any person owning or in charge of any smoke stack of any locomotive, tar kettle, steam machine or contrivance, or of any open fire, smoke stack, or chimney of any building or premises to allow the emission of dense smoke except for a period of or periods aggregating six minutes in any one hour at the time when the firebox is being cleaned out or a new fire being built therein, during which pe-

riod of or periods aggregating six minutes in any one hour, the emission of smoke of a shade or density greater than Number Three of the Ringlemann Chart as published by the United States Bureau of Mines, is prohibited. Such emission of smoke is hereby declared to be a nuisance, and may be summarily abated by the deputy smoke inspector in charge or by anyone whom he may duly authorize for such purpose. Such abatement may be in addition to the fine hereinafter provided. (Amend. Coun. J. 1–9–46, p. 4708.)"

Count I alleged defendant violated the ordinance on March 14, 1952, by permitting the emission of dense smoke from its smokestack for a period of 8–¾ minutes in the hour following 11:45 a. m. Count II alleged a violation on March 19, 1952, for a period of 5–¼ minutes during the hour following 3:37 p. m.

Only the witness Ford for plaintiff testified as to the two violations. He testified he was a smoke inspector employed by the City of Chicago; that he determined the density of smoke from the Ringlemann Chart by visual examination and found a No. 3 and No. 2 density of smoke emitted from the smokestack; that No. 3 was emitted for the period of 8–¾ minutes from 11:45 to 11:53–¾ a. m. on March 14, 1952, and that on March 19, 1952, he made the same kind of an observation and found No. 3 density for 5–¼ minutes from 3:37 to 3:42–¼ p. m. He did not testify to his experience as an inspector, nor how long he had been employed in that capacity.

Plaintiff's witness Radner, employed by plaintiff in the Department of Smoke Inspection and Abatement, and having twenty-six years of experience for the City in smoke abatement work, testified that the Ringlemann Chart is based on the visibility of smoke and is the standard proposed by the Bureau of Mines of the Department of the Interior of the United States,

and that practically all cities that have any ordinances use that standard.

The ordinance makes a density greater than No. 3 of the Ringlemann Chart, as published by the United States Bureau of Mines, a violation. The chart contains the following instructions for its use:

"Hang smoke chart on a level with the eye, about 50 feet from the observer, as nearly as possible in line with chimney. Glance from smoke to chart and note corresponding number, recording same and time of observation. Repeat observations at one-fourth or one-half minute intervals. From these records the average density may be determined for each hour, or for each day. No smoke is recorded as No. 0. 100 percent black smoke is recorded as No. 5. Experienced observers often record in half chart numbers."

 It may well be that the witness Ford is sufficiently proficient in the use of the Ringlemann Chart, which makes it unnecessary for him to follow the instructions referred to in the use of the chart, but the record is silent as to his experience. There is no evidence that he followed the instructions above referred to. The absence of such evidence reflects materially upon the credit to be given to his testimony as an expert in the light of the evidence introduced by the defense.

The evidence for the defendant establishes that upon the recommendation of plaintiff, defendant installed in March, 1949, an electronic smoke indicator in the smokestack in question. This device consists of a light projecting or shining across the smoke path picked up by an electric tube. This electric tube influences an amplifier tube, which in turn registers on a sheet from "0" to "100" and from "0" to "5" for Ringlemann readings. The smoke indicator was set so that an alarm bell would ring to alert the stationary

engineer when the smoke reaches a density of 30%. A density of 60% constitutes No. 3 on the Ringlemann Chart.

Defendant's witness Lander, an experienced engineer employed by the McNeill Engineering Company, which installed the device referred to, testified that these smoke indicators are very accurate in the measurement of the density of smoke and the recording of such density upon graphs; and that he is familiar with the graphs used by defendant, and his examination of them disclosed no indication on the graphs that smoke was emitted having a density of No. 3 or greater for a period of 8-¾ minutes in the hour following 11:45 a. m. on March 14, 1952, or for the period of 5-¼ minutes on March 19, 1952. He explained in detail how the No. 3 density would be recorded by this device on the graphs employed. The graphs for the two days of the alleged violations were received in evidence and did not disclose No. 3 density on either day. He further testified that the device was in good working order.

The Smoke Abatement ordinance is necessary in a community like Chicago, and its enforcement is important. When, however, the defendant in good faith employs the most scientific means recommended by the City for detecting density of smoke to avoid violation of the ordinance, and the graphs do not show any record of No. 3 density for the days in question, it cannot then be said that plaintiff sustained its burden of proving defendant's guilt by the testimony of the one smoke inspector as to the alleged violations.

Where no crime is charged in the complaint, the rule is that the violation of the ordinance must be proved like any ordinary civil suit for the recovery of a penalty by a "clear" preponderance of the evidence (*City of Chicago v. Stone,* 187 Ill. App. 90) or by more than a mere preponderance (*City of Mt.*

*Vernon v. Rainwater,* 245 Ill. App. 304; *City of Chicago v. Classen,* 170 Ill. App. 310).

Upon this evidence the trial court should have found for the defendant. We are authorized by section 92 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 216; Jones Ill. Stats. Ann. 104.092] to enter the kind of judgment which should have been entered by the trial court where there is no jury. *Ebbert v. Metropolitan Life Ins. Co.,* 369 Ill. 306, 309; *Milk Bottle Crate Co. v. Russakov,* 349 Ill. App. 534; *New York Cent. R. Co. v. City of Chicago,* 332 Ill. App. 583.

Judgment here is entered for the defendant.

*Reversed and judgment here.*

Lewe, P. J. and Kiley, J., concur.