## TOLEDO, PEORIA AND WARSAW RAILWAY COMPANY

### v.

### RUSSELL B. FOSTER, who sues as well for himself as for the People of the State of Illinois.

1. RAILROAD—*liability of, for failure to whistle or ring bell.* Under our statute imposing a penalty of fifty dollars on railways for failure to sound a whistle or ring a bell for eighty rods before arriving at a crossing, the action may be brought either by the prosecuting attorney in the name of the people, or *qui tam* by an *informer.*

2. DEGREE OF PROOF REQUIRED IN SUCH CASES. In an action *qui tam* in such a case, it is error to instruct the jury, for the plaintiff, "that a preponderance of evidence, only, is required, and that it is not necessary a jury should be satisfied of the guilt of the defendant beyond a reasonable doubt." While the same completeness of proof is not required in such cases, as in cases where life or liberty is in jeopardy, yet there must be a reasonable and well founded belief of the guilt of the defendant,—a very slight preponderance will not suffice.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

The facts of the case sufficiently appear in the opinion of the court.

Messrs. BRYAN & COCHRAN, for the appellant.

Messrs. FLEMING, PILLSBURY & PLUMB, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a *qui tam* action brought by Foster to recover the penalty of fifty dollars imposed upon railways, for a failure to sound a whistle or ring a bell for eighty rods before arriving at a crossing. There was a recovery in the Circuit Court, and the defendant appealed.

It is first urged for the appellant, that the suit should have been brought in the name of the people. It is true, as counsel suggest, that the 42d section of the act authorizes suit to be brought by the prosecuting attorney in the name of the people,

for the recovery of all penalties imposed by the act, and the penalties when thus recovered, would go exclusively to the benefit of the State.   But the 38th section, which imposes this particular penalty, provides that one-half shall go to the informer, and the other half to the State.   It follows, that the action for this penalty may be prosecuted in either form.   See *Higbee* v. *The People*, 4 Scam. 165, and *G. & C. U. R. R. Co.* v. *Appleby*, 28 Ill. 283.   In the last case, the court say nothing on this question in the opinion, but the objection was expressly taken by counsel in a suit brought under this same statute, and the judgment of the court below in favor of the plaintiff was affirmed.   See also *C. & A. R. R.* v. *Howard*, 38 Ill. 414.

It is also urged, that the court erred in instructing the jury, that a preponderance of evidence, only, was required, and that it was not necessary a jury should be satisfied of the guilt of the defendant beyond a reasonable doubt.   This instruction was erroneous.   While the law does not require the same completeness of proof in cases of this character, that is required in criminal prosecutions where life or liberty is in jeopardy, yet the evidence must be of such a character, as to bring home to the jury a reasonable and well founded belief of the guilt of the defendant.   Neither a railway company nor a private individual should be subjected to a fine, whereby their property is to be divested, merely because there is a little more evidence that they did not perform some required act, than there is that they did.   To allow a jury to enter upon this nice balancing of probabilities in cases of this character, would be to open wide a dangerous door.   Before a jury render a verdict taking away a person's property under the form of a fine, they should be satisfied the law has been violated, and if the evidence fails to produce upon their minds, that degree of conviction upon which they would be willing to act in important affairs of their own, it is not sufficient, even though there may be a very slight preponderance.   For the error in this instruction the judgment is reversed and the cause remanded.

*Judgment reversed.*