CITY OF ABINGDON

v.

CLINTON H. MEADOWS ET AL.

*Instructions—Fast Driving—Ordinance—Abstract.*

1. An instruction in the nature of an argument upon the facts and the duty of the jury in the premises, is erroneous.

2. The instructions must be in writing, unless that form is waived by the parties, and relate only to the law of the case.

3. Every intendment being in favor of the judgments of a court of gen_eral jurisdiction, where complaint is made of certain instructions, all others given should also appear in the abstract.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for appellant.

Mr. F. F. COOKE, for appellee.

C. B. SMITH, J.  This was a prosecution brought against appellees before a justice of the peace for violating an ordinance of the city of Abingdon, and was appealed to the Circuit Court of Knox county.  A trial was then had resulting in a verdict and judgment for the defendants.  Appellant brings the case here for review.  The ordinance in question is as follows:

"Whoever shall purposely and rapidly or immoderately ride or drive any horse or mule or other domestic animal or any team in any street or alley in the frequented part of the city  *  *  *  shall be subject to a fine of not less than $3."

The defendants were charged with violating this ordinance by rapidly and immoderately and purposely driving their horses in one of the frequented streets of the city.  That the

appellees were speeding their horses together in a frequented street is not denied. The proof is clear that the contest between the two men and their horses was in the nature of, and in fact was a race.

The contention of the defendants was that they were not driving so fast as to bring them within the prohibition of the ordinance. We think the proof clearly shows that this driving was voluntary and wilful and that it was both rapid and immoderate in a public street, and that it clearly came within the prohibition of the ordinance and that the verdict of the jury was manifestly against the evidence.

The first and second instructions appear to be similar to those given in the case of L. & P. Ry. Co. v. Foster, 43 Ill. 480, and are not obnoxious to the objections made. But conceding the erroneous character of these instructions we should not reverse on that ground, because of the failure of appellant to abstract its own instructions and bring them to the attention of the court; so that we can not say that their own instructions may not have cured any error complained of in appellant's instructions. Every intendment must be in favor of the judgment of a court of general jurisdiction.

After the jury had been out nearly twenty-four hours, the court on its own motion and without request from either party or from the jury, called the jury into court and gave them this instruction:

"The court of his own motion further instructs you as follows: One of the modes provided by our Constitution and laws for deciding questions of fact in common law cases, such as the one you are now considering, is by the verdict of a jury. In a large proportion of cases, and perhaps, strictly speaking, in all cases, mathematical certainty can not be attained or expected. Although the verdict to which a juror agrees must of course be his own verdict, the result of his own conviction, yet, in order to bring twelve minds to a unanimous result, you must examine the questions submitted to you with candor, without pride of opinion and without a partisan spirit, and with a proper regard and deference to the opinion of each other, and in conferring together, listen to each

other's arguments with a disposition to be convinced.   You should consider that the case must at some time be decided and that it is important to the parties to this suit that it be done now and by you if it can be done properly.   That you are selected in the same manner and from the same source from which any future jury must be; and there is no reason to suppose that the case will ever be submitted to twelve men more impartial or more competent to decide it, or that more or clearer evidence will be produced on the one side or the other; and with this view, it is your duty to decide the case if you can conscientiously do so.   In order to make a decision more practicable, the law imposes the burden of proof on one party or the other in all cases.   In the present case the burden of proof is on the plaintiff, and if the city has failed thus to make its case by a clear preponderance of all the evidence in the case, you should find the defendants not guilty; on the one hand, if much the larger number of your panel are for a conviction, the dissenting jurors should consider whether the conclusion reached by them from the evidence is correct when the majority of the jury come to an opposite conclusion, when they are equally honest and equally intelligent and have heard the same evidence with the same attention, and with an equal desire to arrive at the truth, and under the sanction of the same oath; and on the other hand, if a majority are for acquittal, the minority ought seriously to ask themselves whether they may not reasonably, and ought not to doubt the correctness of a judgment which is not concurred in by most of those with whom they are associated, and the weight or sufficiency of that evidence which fails to carry conviction to the minds of their fellows."

Sec. 52, Chap. 110, R. S. requires the court to instruct the jury in writing, and only as to the law of the case.   The instruction complained of is in plain violation of this statute and is more in the nature of an argument upon the facts, and the duty of the jury upon the facts, than a statement of the law of the case.

The instruction was an invasion of the rights of the jury to determine for themselves when, if ever, they would agree,

and what verdict they would render. The giving of this in-struction was error.

The court had the right to recall the jury at any stage of their deliberations and to instruct them further upon the law of the case, either upon its own motion, or on the motion of either party, if they had not been fully and correctly instructed as to the law before retiring. It is not only the right but the duty of the court to see that the jury is fully and correctly instructed, and this the court may do on its own motion, but it must always be done in writing (unless that form is waived by the parties), and must relate only to the law of the case.

For the error in giving the above instruction, and because the verdict was against the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*