78    67
109   1272

# Philip Schlachter v. George Wachter.

1. CATTLE—*What is a Running at Large.*—When cattle escape from an agister's field, it is the duty of the agister to find and reclaim them, and if guilty of negligence in failing to use proper vigilance and care over them, in legal effect, he suffers them to run at large.

2. POUNDMASTER—*Right to Hold Impounded Cattle for Fees.*—A poundmaster may legally refuse to surrender impounded cattle until his fees are paid.

3. CONSTRUCTION OF STATUTES—*Impounding Animals Running at Large.*—The statute (Hurd's Statutes, 1898 801), authorizing a householder of the county to take up estrays upon or about his farm or residence and prescribing the method of procedure, does not apply to pound masters impounding cattle, under the act in relation to domestic animals running at large (Hurd's Statutes 1898, 147), or to section 3 of article 4, of the law in relation to township organizations (Hurd's Statutes, 1898, 1597).

Replevin.—Trial in the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

ALONZO W. ALLEN, attorney for appellant.

REEVES & BOYS, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellant instituted a suit in replevin before a justice of the peace, against appellee, for four head of cattle, and the case was appealed to the Circuit Court, where, a jury being waived, a trial by the court resulted in a finding and judgment that appellee had a special property and a right to the possession of the cattle until $48.80 was paid to him, and that such payment be made within twenty days or the cattle returned to appellee, from which judgment appellant prosecutes this appeal.

The cause was tried in the Circuit Court upon an agreed statement of facts in substance showing that appellee was poundmaster of the town of Otter Creek, La Salle county;

that appellee while residing in Streator, conducted the business of agister on pasture lands four and one-half miles from his residence; the cattle in question escaped from the pasture and after straying about ten days, were taken up by a resident of the town and delivered to the appellee as poundmaster, who impounded them and posted notices of such fact; that on the day and after such cattle escaped from the pasture and two days thereafter, appellant visited the pasture and did not see or find the cattle in the pasture, and was informed a month after their escape from the pasture that they were in the possession of appellee as poundmaster; this was the first knowledge he had of their escape; appellant then demanded possession of the cattle and was refused unless he would first pay the costs and charges for impounding the same, amounting to $48.80, according to the schedule of charges duly fixed at a town meeting; appellant tendered $10, which being declined he brought this suit; appellee did not know who owned or was entitled to the possession of the cattle until appellant demanded them, nor did the person who took them up, and delivered them to appellee.

It is here insisted by appellant that the finding and judgment of the court are erroneous for the reason, as counsel contend, appellant did not permit or suffer the cattle to run at large, as such term is defined by the Supreme Court, where it said, " before a party can be subject to the penalties imposed by the law for cattle running at large, he must permit or suffer his stock to run at large." Kinder v. Gillespie, 63 Ill. 88.

We are of the opinion that in the exercise of due care by the appellant he would have known, on the day the cattle escaped, that they were then running at large, and it would then have been his duty to find and reclaim them. In this respect he was grossly negligent, and being so guilty of negligence in failing to use proper vigilance and care over the cattle confided to his keeping, he thereby, in legal effect, suffered and permitted them to run at large. The poundmaster was therefore justified in his action, and before

appellant would be entitled to the possession of the property he was legally bound to pay the fees and costs of the poundmaster.

It is also contended by counsel for appellant that because appellee did not deliver a notice to the town clerk, as required by the statute in regard to estrays, that therefore he is a wrongdoer, and for that reason can not rightfully claim the fees of a poundmaster. We are of the opinion, however, the statute referred to has no application to the case presented; that the statute merely authorizes a householder of the county to take up estrays upon, or about his farm or place of residence, and prescribes the method of procedure for such householder, making no reference to a poundmaster, who is a public officer, and as we think, is governed by the act in relation to domestic animals running at large, approved June 21, 1895, and section 3 of article 4 of the law in relation to township organization. The statute of June 21, 1895, after prohibiting cattle and other animals specified in the act, from running at large, proceeds by section 4 of the act to declare, "That it shall be the duty of the poundmaster to enforce the provisions of the act in his district, and for any failure so to do, he shall be liable for a fine of not less than $3 nor more than $20." Under the admitted facts herein, it is difficult to imagine how appellee could have done less than he did and still have discharged his duty.

The judgment of the Circuit Court will be affirmed.