Sloan v. The People.

---

Lee C. Sloan v. The People of the State of Illinois.

1. ACTIONS—*An Action for Allowing Cattle to Run at Large Not a Criminal Proceeding.*—An action under the statute for allowing cattle to run at large is not a criminal proceeding but only an action to recover a penalty.

2. SAME—*Degree of Proof Necessary in Actions for Penalties.*—The law does not require the same completeness of proof in actions for penalties that is required in criminal prosecution; nor is a mere preponderance sufficient; but the evidence must be of such a character as to bring home to the jury a reasonable and well-founded belief of the guilt of the defendant—a belief upon which they would be willing to act in the more important affairs of life.

Debt, for a statutory penalty. Appeal from the Circuit Court of Mercer County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

BASSETT & BASSETT, attorneys for appellant.

WILLIAM J. GRAHAM, state's attorney, for appellees.

Where a statute provides a penalty for the doing of or failure to do a certain thing, and this statute is not incorporated into the criminal code, and the thing prohibited is not a common law crime, when the offense is not made indictable or a misdemeanor by the terms of the statute, the action is merely a suit in debt for a penalty.

A proceeding under the bastardy act is a civil proceeding. Mann v. People, 35 Ill. 467.

A prosecution under a village ordinance is a civil case, and the city or village may appeal. Town of Collinsville v. Scanland, 58 Ill. 221; Ewbanks v. Town of Ashley, 36 Ill. 177; Ruth v. City of Abingdon, 80 Ill. 418.

An action for obstructing a public highway, under the statute, is a civil action for a penalty. Town of Partridge v. Snyder, 78 Ill. 519; Sweeney v. People, 28 Ill. 208.

An action for hawking and peddling without a license, in violation of the revenue law, is a civil proceeding. Webster v. People, 14 Ill. 365.

An action against a railway company for not ringing a bell at crossings is not a criminal proceeding. T. P. & W. R. R. Co. v. Foster, 43 Ill. 480.

The common law extends to criminal offenses, as well as to civil causes, in Illinois. Smith et al. v. People, 25 Ill. 2; Thompson et al. v. Reynolds, 73 Ill. 11.

As to distinction between criminal and quasi-criminal laws, see Bishop's New Criminal Law, Vol. 1, Sec. 32.

In actions for the recovery of a penalty under such statutes as above, the evidence need not convince beyond a reasonable doubt, but must be merely of such a character as to bring home to the jury a reasonable and well grounded belief of the guilt of the defendant. T. P. & W. R. Co. v. Foster, 43 Ill. 480; Ruth v. City of Abingdon, 80 Ill. 418; Webster v. People, 14 Ill. 365.

Mr. Justice Brown delivered the opinion of the court.

Appellant was convicted and fined $2 and costs before a justice of the peace of Mercer county for a violation of the statute prohibiting cattle and other animals from running at large. He appealed the cause to the Circuit Court where a trial resulted in a conviction and a fine of $2 and ·costs. From the judgment of conviction in the Circuit Court he brings the case to this court by appeal. He was the owner of a cow which he permitted to run at large in the county of Mercer in this state. The evidence establishes the guilt of appellant. A reversal upon the merits would be unwarranted. Section one of the statute provides that it shall be unlawful for any animal of the species horsé, ass, mule, cattle, sheep, goat, swine or geese to run at large in the State of Illinois. Section two provides that whoever being the owner or having the control of any domestic animal of the species mentioned in section one of this act shall suffer the same to run at large shall be fined not less than $2 nor more than $10 for each offense, and for every day he shall permit the same to run at large after having once been convicted under this act. The herding of any such animals upon uninclosed lands without the consent of the owner or person having control of such lands shall be deemed a running at large under this act.

It is urged that the court erred in refusing to instruct the jury that this was a criminal proceeding and that the evidence must establish·the guilt of appellant beyond a reasonable doubt to warrant a conviction. The court did instruct the jury that the proceeding was in the nature of a criminal charge and that the evidence must be such as to bring to the mind of the jury a reasonable and well founded belief of defendant's guilt; that a slight preponderance of the evidence was not sufficient, but the proof must be of such a character as to produce upon the minds of the jury that degree of conviction upon which they would be willing to act in the more important affairs of life. The court correctly held that this was not a criminal proceeding but only an action to recover a penalty. (Town of Partridge v.

Snyder, 78 Ill. 519; Webster v. People, 14 Ill. 365.) In Webster v. The People, *supra*, which was a proceeding to recover a penalty for violating a provision of the statute prohibiting peddling without a license, the court held that the action was not criminal, and proof of guilt that would convince the judgment, although a doubt might still remain in the mind of the jury, was all that was required to authorize a conviction. In T. P. & W. Ry. Co. v. Foster, 43 Ill. 480, which was an action brought to recover a penalty under the statute for failure to sound a whistle or ring a bell for eighty rods before arriving at a crossing, the court said :

"It is urged that the court erred in instructing the jury that a preponderance of the evidence only was required, and that it was not necessary a jury should be satisfied of the merits of the defense beyond a reasonable doubt. This was erroneous. While the law does not require the same completeness of proof in cases of this character that is required in criminal prosecutions where life or liberty is in jeopardy, yet the evidence must be of such a character as to bring home to the jury a reasonable and well-founded belief of the guilt of the defendant. * * * Before a jury render a verdict taking away a person's property under the form of a fine, they should be satisfied the law has been violated; and if the evidence fails to produce upon their minds that degree of conviction upon which they would be willing to act in the important affairs of their own, it is not sufficient, even though there may be a slight preponderance."

And in Ruth v. City of Abingdon, 80 Ill. 418, which was a prosecution to recover a penalty for the unlawful selling of intoxicating liquors, the court, at the instance of the prosecution, gave the jury the following instruction :

"The jury are further instructed that it is not necessary in this case to prove the defendant guilty beyond a reasonable doubt. It is sufficient to convict, if a preponderance of evidence is in favor of the plaintiff."

In considering this instruction the court said it was error to instruct that a preponderance of the evidence only was required in such a case.

The court adopted the correct rule in instructing the jury in this case. The instructions were a full, fair and proper presentation of the law applicable to the case. The judgment of the Circuit Court is affirmed.