## Frank M. Palmer v. People of the State of Illinois.

1.  DOMESTIC ANIMALS—*Ch. 8, R. S., Construed.*—The intention of the legislature in enacting chapter 8, R. S., was that the provisions of the act should be enforced by the pound-master, although not exclusively by him, through the state's attorney, and that prosecutions should be brought in the name of the people.

2.  SAME—*Guilty Intention to Violate Law Must Be Shown to Impose Penalty Under Chapter 8, R. S.*—To enforce the statutory penalty in a proceeding under section 1, chapter 8, R. S., it is necessary to show that the stock was at large by the permission or through the fault of the owner. Some guilty intention to violate the law or willful neglect of the duty imposed must be shown.

3.  PENAL STATUTES—*To Be Strictly Construed.*—Penal statutes must be strictly construed.

4.  SAME—*Construction of "Willful" as Used in.*—The word "willful" as used in penal statutes, means, not merely voluntary, but with a bad purpose.

5.  SAME—*When Willful Negligence May Be Presumed in Prosecution Under Section 1, Chapter 8, R. S.*—If, after the owner of stock has learned, or by the exercise of due care might have learned, that his stock was running at large, he had neglected to exercise due care to at once find and reclaim it, willful neglect may justly be presumed.

6.  FINES AND PENALTIES—*Degree of Proof Necessary to Recover.*— While in a suit to recover a fine or penalty the same degree of proof is not required as in a criminal case, where life or liberty is in jeopardy, yet there must be a reasonable and well-founded belief in the guilt of the defendant; a slight preponderance will not suffice.

7. INSTRUCTIONS—*Where There is No Evidence upon Which to Base Them.*—The giving of instructions where there is no evidence in the record upon which to base them, is erroneous.

Action for a Penalty.—Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed August 28, 1903.

TIPTON & TIPTON, attorneys for appellant.

ARTHUR F. MILLER, State's Attorney, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was commenced against appellant before a justice of the peace, in the name of the People of the State of Illinois, under the act in relation to domestic animals running at large, in force July 1, 1895. Judgment was rendered against appellant, and a fine of $2 imposed. He appealed to the Circuit Court, where, upon a trial being had, judgment was rendered against him and a fine of $10 imposed.

From the said judgment of the Circuit Court he appeals to this court.

The first section of the act prohibits domestic animals from running at large. Section 2 provides that whoever, being the owner or having control of any such animals, suffers the same to run at large, shall be fined not less than $2 nor more than $10 for each offense, and provides that herding upon uninclosed lands, without the consent of the owner, shall be deemed a running at large. Section 3 provides that the commissioners of highways in townships, etc., shall prepare a pound, etc., and section 4 makes it the duty of the pound-master, under penalty, to enforce the provisions of the act, and section 5 provides that the act is not to be construed as in force in counties or townships then having in force a law restraining the animals mentioned, from running at large.

The following reasons are urged for reversal: First, appellant maintains that the prosecution should have been com-

Palmer v. The People.

menced in the name of the town and not of the people, for the reason that section 3 of article 2 of the statute on "Township Organization" (R. S., 1901, 1785), provides " that the supervisor shall prosecute in the name of the town or otherwise, as may be necessary, for all penalties or for-feitures given by law to such town for its use, and for which no other officer is especially directed to prosecute except as may be otherwise directed by the town meeting."

There is nothing in the act referred to, which expressly or by implication, gives to the town the use of the penalties or forfeitures under this act; on the contrary, section 269 of article 14 of the statute on " Schools " (R. S., 1901, 1632) provides that all penalties and forfeitures imposed or in-curred in any of the courts of record or before any justice of the peace of this state, except fines, forfeitures and pen-alties incurred or imposed in incorporated towns or cities, for the violation of the by-laws or ordinances thereof, shall, when collected, be paid to the county superintendent of schools of the county wherein such fines, penalties or for-feitures have been imposed or incurred. Inasmuch as there is nothing expressed or implied in that section of the statute on " Animals " giving the use of said fines and forfeitures to the town, no town officer would have a right to prosecute for the recovery of the penalty assessed for the violation of said statute in question.

Appellant further maintains that inasmuch as by section 4 it is provided that the pound-master shall enforce the pro-visions of this act, the suit should have been prosecuted by the pound-master. This section does not say that the pound-master shall prosecute, but that he shall enforce.

Sub-section 1 of section 5, chapter 14, of the Revised Stat-utes (page 190), provides that it shall be the duty of the state's attorney to commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in any court of record in his county, in which the people of the state or county may be concerned. We think that the intention of the legislature was that the provision of the act should be enforced by the pound-master, although not

exclusively by him, through the state's attorney, and that prosecutions should be brought in the name of the people.

Second. Appellant contends that the proof does not show that he suffered or permitted his stock to run at large, within the meaning of the statute. The statute being penal, must be strictly construed. (Hankins v. People, 106 Ill. 628.) In Bulpit v. Matthews, 145 Ill. 345, the Supreme Court held that in a proceeding under section 1 of the act in question, to enforce the statutory penalty it is necessary to show that the stock was at large by the permission or through the fault of the owner; that to impose the penalty therein prescribed, some guilty intention to violate the law, or wiilful neglect of the duty imposed, must be shown.

Appellee contends that the fences of appellant were continuously in a bad state of repair, so that it was easy for the stock to escape; that by reason of his permitting his fences to remain in such condition, he was guilty of willful neglect and that the stock was therefore running at large through his fault. While appellant may have been careless in the restraint of his stock and failed to at all times keep his fences in repair, whereby the stock escaped, and while the condition of such fences may have been known to him, and while he may have been at fault in that respect, still we think he was not proved guilty by a clear preponderance of the evidence, of a willful neglect, within the meaning of the rule laid down in the Bulpit case, *supra*. "The word ' willful ' as used in penal statutes, means, not merely voluntary, but with a bad purpose." (A. & E. Enc. Law, 414; Anderson's Law Dict. 1114.) The evidence tends to show that whenever any stock escaped, appellant went after it, at once, himself, or sent one of his men to find and reclaim it. If after he had learned, or by the exercise of due care might have learned, that the stock was running at large, he had neglected to exercise due care to at once find and reclaim it, willful neglect might justly have been presumed. Schlachter v. Wachter, 78 Ill. App. 67.

In the case of T. P. & W. Ry. Co. v. Foster, 43 Ill. 480, which was a *qui tam* action under the statute, against a railroad company, to recover a penalty for failure to sound whistle or ring bell, etc., the court say :

" While the same degree of proof is not required as in a criminal case where life or liberty is in jeopardy, yet there must be a reasonable and well-founded belief in the guilt of the defendant; a slight preponderance will not suffice. Before a jury should render a verdict taking away a person's property under the form of a fine, they should be satisfied the law has been violated; and if the evidence fails to produce upon their minds the degree of conviction upon which they would be willing to act in important affairs of their own, it is not sufficient, even though there be a very slight preponderance."

This view of the law was also applied in Ruth v. City of Abingdon, 80 Ill. 418, which was an action to recover a penalty or fine for the violation of a village ordinance; and by the Appellate Court of the Second District in the case of City of Abingdon v. Meadows, 28 Ill. App. 442, and in Town of Lewiston v. Proctor, 27 Ill. 414, which was an action to recover a penalty for the violation of an ordinance. In Ins. Co. v. People, 65 Ill. App. 355, which was an action to recover a penalty for the violation of the insurance act of 1879, it was held that a mere preponderance of the evidence was not sufficient to warrant a conviction; there must be a clear preponderance.

Applying the foregoing rules to the case at bar, we are constrained to hold that the verdict was not sustained by the evidence and that the court erred in rendering judgment. Appellee's first and seventh instructions should not have been given, as there was no evidence in the record upon which to base them.

The fifth instruction given for appellees is not in accordance with the law as herein expressed and was therefore erroneous. For the errors indicated, the judgment will be reversed and the cause remanded.