The Atchison, Topeka and Santa Fe Railway Co.

*v.*

The People, for use, etc.

*Opinion filed April 18, 1907—Rehearing denied June 5, 1907.*

1. Railroads—*section 23 of the act relating to operation of railroads is penal in character.* Section 23 of the act relating to the fencing and operation of railroads, which authorizes a recovery of treble damages in case of the failure of a railroad company to perform certain of the duties imposed by section 22 of that act, is penal in its character, and will not be extended, by implication, to cover matters not expressly included therein.

2. Same—*section 23 does not apply to a failure to furnish cars.* Section 23 of the act relating to the fencing and operation of railroads is not as broad in its scope as is section 22 of said act, and does not authorize a recovery of treble damages for failure of a railroad company to obey the provision of section 22, requiring it to "start, furnish and run cars" for the transportation of freight or passengers as shall, within a reasonable time previous thereto, have been offered for transportation.

3. Evidence—*preponderance is not sufficient in an action of debt for recovery of penalty.* In an action of debt for the recovery of a penalty, more than a mere preponderance of the evidence is necessary in order to authorize a recovery.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. R. S. Farrand, Judge, presiding.

This was an action of debt commenced in the circuit court of LaSalle county in the name of the People, for the use of Christian G. Sauer and Charles B. Sauer, partners doing business under the firm name of Sauer & Son, against the appellant, under the provisions of sections 22 and 23 of "An act in relation to fencing and operating railroads," approved March 31, 1874, in force July 1, 1874, (Hurd's Stat. 1905, p. 1581,) to recover treble the amount of damages claimed to have been sustained by said firm in consequence

of the refusal and neglect of appellant to furnish them, within a reasonable time, cars suitable in kind and sufficient in number to transport certain corn and oats then in their elevator at Dana, in said county, from said elevator to the point where said firm desired to market said grain. The case was tried before a jury and resulted in a verdict in favor of the appellees for the sum of $1250, upon which verdict the court, after overruling motions for a new trial and in arrest of judgment, rendered judgment in favor of appellees, which judgment has been affirmed by the Appellate Court for the Second District, and a further appeal has been prosecuted to this court.

The declaration, in substance, alleged that Sauer & Son were on the 17th day of March, 1903, and had been for more than a year prior thereto, engaged in buying, selling and shipping grain in the village of Dana, and in the conduct of their said business owned, possessed and operated for storing, shipping and handling grain for shipment, an elevator situated immediately adjoining the tracks of the defendant; that Dana was a regular station and stopping place on defendant's railroad for taking, receiving, transporting and discharging freight and passengers, and that there was no other line of railroad passing through said village, and that from December 19, 1902, to March 17, 1903, said firm owned and had at all times in their elevator large quantities of corn and oats for shipment over the defendant's railroad; that on December 19, and on each succeeding day down to and including March 17, said firm offered their grain to the defendant at said station and shipping place for shipment and demanded of defendant suitable and sufficient cars for the shipment of said grain, and were ready and willing to pay the freight charges thereon if demanded, but that, in accordance with universal custom, no such requirement or demand was made; that it thereby became and was the duty of the defendant to furnish said firm, within a reasonable time after demand, suitable cars in sufficient number for the

transportation of said grain, but, regardless of its duty in the premises, defendant wholly neglected and refused to run in on its tracks or furnish to Sauer & Son, within a reasonable time, cars suitable in kind and number for the transportation of said grain, contrary to the form of the statute in such case made and provided. The general issue and one special plea were filed.

The evidence tended to show that said firm of Sauer & Son were engaged in buying and shipping grain in said village of Dana; that defendant's railroad is the only railroad running through said village; that said firm own a grain elevator situated on or near the appellant's said track in said village, in which they received and stored grain purchased from farmers and from which they loaded it in cars to be shipped to market; that their elevator was constructed for receiving and handling corn in one part and oats in another; that on the 19th day of December, 1902, the corn part of the elevator was substantially full and the oats part was filled by January 15, 1903; that said firm had purchased from farmers in the surrounding country large quantities of corn and oats, which could not be delivered until the grain on hand at the dates mentioned, or at least a portion of it, had been shipped out; that on December 19 said firm made a request of appellant, through its station agent at Dana, for cars in which to ship out corn and oats; that requests and demands for cars in which to ship out corn were made, sometimes verbally and sometimes in writing, substantially every day from December 19, 1902, to March 17, 1903; that the number of cars demanded on the different dates ranged from five up to thirty; that between December 19 and March 17 the appellant furnished said firm twenty-two cars; that on no day was more than one car furnished, except January 3 and February 16, on each of which dates two cars were furnished; that between December 19 and March 17 the price of corn and oats declined materially from the prices at which it sold at the time said cars were ordered.

The sections of the statute above referred to read as follows:

"Sec. 22. Every railroad corporation in the State shall furnish, start and run cars for the transportation of such passengers and property as shall, within a reasonable time previous thereto, be ready or be offered for transportation at the several stations on its railroads and at the junctions of other railroads, and at such stopping places as may be established for receiving and discharging way passengers and freights; and shall take, receive, transport and discharge such passengers and property, at, from and to such stations, junctions and places, on and from all trains advertised to stop at the same for passengers and freight, respectively, upon the due payment, or tender of payment of tolls, freight or fare legally authorized therefor, if payment shall be demanded, and such railroad companies shall at all junctions with other railroads, and at all depots where said railroad companies stop their trains regularly to receive and discharge passengers in cities and villages, for at least one-half hour before the arrival of, and one-half hour after the arrival of any passenger train, cause their respective depots to be open for the reception of passengers; said depots to be kept well lighted and warmed for the space of time aforesaid.

"Sec. 23. In case of the refusal of such corporation or railroad company, or its agents, to take, receive and transport any person or property, or to deliver the same within a reasonable time, at their regular or appointed time and place, or to keep their said depots open, lighted and warmed according to the provisions of the preceding section of this act, such corporation or railroad company shall pay to the party aggrieved, treble the amount of damages sustained thereby, with costs of suit; and in addition thereto, said corporation or railroad company shall forfeit a sum of not less than $25, nor more than $1000 for each offense, to be recovered in an action of debt, in the name of the People of

the State of Illinois—the treble damages for the use of the party aggrieved, and the forefeiture for the use of the school fund of the county in which the offense is committed."

Robert Dunlap, Reeves & Boys, and Lee F. English, for appellant:

Neither the common law nor the statute requires anything more than that a railroad corporation shall furnish reasonable and ordinary facilities of transportation and such as will meet the ordinary demands of the public. A railroad corporation is not bound to provide in advance for or anticipate extraordinary occasions or an unusual demand for cars. *Railroad Co.* v. *Rae,* 18 Ill. 488; *Railroad Co.* v. *Hornberger,* 77 id. 457; *Railroad Co.* v. *Smith,* 63 Tex. 322; *Railroad Co.* v. *Coal Co.* 99 Ky. 217; *Thayer* v. *Burchard,* 99 Mass. 508; *Railroad Co.* v. *Burrows,* 33 Mich. 6; *Wibert* v. *Railroad Co.* 12 N. Y. 245; *Ballentine* v. *Railroad Co.* 40 Mo. 491; *Faulkner* v. *Railroad Co.* 51 id. 311; *Dawson* v. *Railroad Co.* 79 id. 296; *Railroad Co.* v. *Racer,* 5 Ind. App. 209; *State* v. *Railroad Co.* 99 N. W. Rep. 309.

The statute upon which this action is brought, in that it allows treble damages, is penal in its nature and must be strictly construed. *Edwards* v. *Hill,* 11 Ill. 22; *Erlinger* v. *Boncau,* 51 id. 94; *Waddle* v. *Duncan,* 63 id. 223; *Brannan* v. *Adams,* 76 id. 331; *Railroad Co.* v. *People,* 77 id. 443; *Railroad Co.* v. *Stanbro,* 87 id. 195; *Weidenger* v. *Spruance,* 101 id. 278; *Diversey* v. *Smith,* 103 id. 378; *Railroad Co.* v. *Zeigler,* 108 id. 304; *People* v. *Coal Co.* 122 id. 506; *People* v. *Fesler,* 145 id. 150.

The allegations of the declaration must state a case clearly within the terms of the statute where a breach of a statute, penal in its nature, is relied upon, and no intendments are allowed in favor of the party for whose benefit the suit is brought. *Coal Co.* v. *Railroad Co.* 17 Ill. App. 614; *People* v. *Insurance Co.* 72 id. 569; *Railroad Co.* v. *Stanbro,* 87 Ill. 195; *Railroad Co.* v. *Zeigler,* 108 id. 304;

*Parsons* v. *Railroad Co.* 167 U. S. 447; *Clark* v. *Express Co.* 106 N. W. Rep. 642.

Failure to take and transport property offered for transportation is not the same thing as a refusal to take and transport such property. For a mere failure no liability arises under the statute. *Grace* v. *Moseley,* 112 Ill. App. 100; *Taylor* v. *Mason,* 9 Wheat. 325; *Inhabitants* v. *Boyd,* 86 Me. 317; *Telephone Co.* v. *Irvin,* 27 Ind. App. 62; *Parish* v. *Wheeler,* 22 N. Y. 494; *State* v. *Railroad Co.* 122 Iowa, 22; *Duffy* v. *Edson,* 60 Neb. 812.

In an action of debt to recover a penalty more than a preponderance of the evidence is required to warrant a recovery, and an instruction to the jury that a preponderance is sufficient is error. *Railroad Co.* v. *Foster,* 43 Ill. 480; *Ruth* v. *Abingdon,* 80 id. 418; *Gunkel* v. *Bachs,* 103 Ill. App. 494; *Palmer* v. *People,* 109 .id. 269.

C. S. Cullen, and Browne & Wiley, for appellees:

In the case at bar only cumulative damages were sought and sued for, hence the action itself, and for the purposes of this suit the statute as well, is purely remedial, and not penal. *Burnett* v. *Ward,* 42 Vt. 88; *Hubbell* v. *Gale,* 3 id. 266; *Moore* v. *Jones,* 23 id. 739; *White* v. *Comstock,* 6 id. 405; *Stanley* v. *Whorton,* 9 Price, 301.

Even if a statute be penal, if it be one clearly enacted for the good of the public it ought to receive an equitable and not a strict construction. The intent of the legislature should be carried out by all reasonable intendments in such case. *People* v. *Bartow,* 6 Cow. 290; 6 Bacon's Abr. 391.

The statute under which the action was brought makes a railroad company liable for a failure or refusal to furnish cars and receive and carry freight ready for shipment. *Railroad Co.* v. *People,* 19 Ill. App. 114.

"Refusing to comply" has, in general, the same operation, in law, as "failing to comply." *Taylor* v. *Mason,* 9 Wheat. 344.

Even in penal actions a mere preponderance of the evidence is sufficient to warrant a recovery. *State* v. *Railway Co.* 122 Iowa, 25; *McAnnulty* v. *Seick,* 59 id. 586; *Coit* v. *Churchill,* 61 id. 296; *Truman* v. *Bishop,* 83 id. 697; *Callan* v. *Hanson,* 86 id. 420; *Jamison* v. *Jamison,* 113 id. 720; *People* v. *Briggs,* 114 N. Y. 56; *Hitchcock* v. *Munger,* 15 N. H. 97.

Mr. Justice Hand delivered the opinion of the court:

At the close of the plaintiffs' evidence, and again at the close of all the evidence, the defendant moved the court to instruct the jury to return a verdict in its favor, which the court declined to do, to which action of the court the defendant excepted, which exception, together with the exceptions preserved to the action of the court in overruling the appellant's motions for a new trial and in arrest of judgment, preserves for review in this court the questions whether the declaration stated a cause of action, and whether the evidence, together with all the legitimate inferences that might be drawn therefrom, fairly tended to support a cause of action in favor of the plaintiff.

It will be observed that section 22 of the act above referred to, requires railroad corporations in this State (*a*) to furnish, start and run cars for the transportation of such passengers and property as shall, within a reasonable time previous thereto, be ready or be offered for transportation at the several stations on their respective railroads and at their junctions with other railroads, and at such stopping places as may be established for receiving and discharging way passengers and freights; (*b*) to take, receive, transport and discharge such passengers and property at, from and to such stations, junctions and places on and from all trains advertised to stop at the same for passengers and freight, respectively, upon the due payment or tender of payment of tolls, freight or fare legally authorized therefor,

if payment shall be demanded; and (c) to cause their respective depots to be opened for the reception of passengers, and to keep well lighted and warmed, for a specified time prior to the arrival and departure of their trains, such depots. And section 23 provides, that in case of the refusal of such corporation or railroad company or its agents (1) to take, receive and transport any person or property or to deliver the same within a reasonable time at its regular or appointed time and place, or (2) to keep its said depots open, lighted and warmed according to the provisions of section 22, such corporation or railroad company shall pay to the party aggrieved treble the amount of damages sustained thereby, with costs of suit, and in addition thereto said corporation or railroad company shall forfeit a sum of not less than $25 nor more than $1000 for each offense, to be recovered in an action of debt in the name of the People of the State of Illinois,—the treble damages for the use of the party aggrieved and the forfeiture for the use of the school fund.

It is clear from a consideration of the two sections of the statute above set out, that section 23 is not as broad in its terms as section 22, and that a failure to perform all the acts specified in said section 22 by a railroad corporation is not penalized by section 23. By the express terms of section 22, railroad corporations are required to "furnish, start and run cars for the transportation" of passengers and freight. Section 23, however, does not in express terms make such corporations or railroad companies liable to the party aggrieved in treble damages or subject them to the forfeiture specified therein for a failure to "furnish, start and run cars." The declaration filed in this case counts upon the liability imposed upon the appellant, by reason of section 22, to furnish cars, and avers as a conclusion of law that the appellant is liable to appellees in treble damages in consequence of its neglect and refusal to run in cars on its tracks or furnish to Sauer & Son, within a reasonable time

after demand, cars suitable in kind and sufficient in number for the transportation of their grain. We think, therefore, unless the provisions of section 23 can be extended, by implication or by construction, so as to cover the first provision of section 22, which requires railroad corporations to furnish cars,—which provision clearly is not within the express terms of section 23,—that the declaration failed to state or the proofs to establish a cause of action which would authorize a recovery of treble damages against the appellant for a failure to furnish, start and run cars for the transportation of the grain of Sauer & Son.

The general rule governing the construction of penal statutes is that they are to be strictly construed, and are not to be held, by construction or implication, to include matters which are not clearly within their terms; and that view, as applied to this case, is thus stated on page 660 of volume 26 of the American and English Encyclopædia of Law, (2d ed): "Where the penal clause is less comprehensive than the body of the act, the court will not extend the penalties provided therein to classes of persons or things not embraced within the penal clause, even where there is a manifest omission or oversight on the part of the legislature." The foregoing statement of the rule is fully sustained by the authorities, many of which are cited in the case of *State* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* (Ind.) 61 N. E. Rep. 669. The question is therefore presented whether the provision of section 23 of the act in relation to fencing and operating railroads, which provides for the recovery of treble damages, is a penal statute.

In *Diversey* v. *Smith,* 103 Ill. 378, Mr. Justice Scholfield, on page 390 of the opinion, in discussing the question whether the statute then under consideration was a penal statute or not, said: "It is the effect, not the form, of the statute that is to be considered, and when its object is clearly to inflict a punishment on a party for violating it,—*i. e.,* doing what is prohibited or failing to do what is commanded

to be done,—it is penal in its character, and the circumstance that, in punishing, remedy is likewise afforded to those having an interest in the observance of the statute is unimportant."

In *Pace* v. *Vaughan,* 1 Gilm. 30, which was an action of trespass to recover, under the statute, treble the value of exempt personal property seized upon execution, it was held a party claiming a penalty must clearly show a state of case which entitled him to recover it, and that the *treble value of the property* sued for was given by the statute by way of penalty, and that the party seeking to recover it must declare as for a penalty.

In *People* v. *Illinois and St. Louis Railroad and Coal Co.* 122 Ill. 506, it was held that section 23 of the statute now under consideration could not be so extended as to permit a recovery of treble damages for a failure on the part of the railroad company to furnish, start and run cars to carry coal to be dug from the earth after the cars were furnished.

While the authorities as to when a statute will be held to be a penal statute are not in entire harmony, we think the rule is well settled in this State in accordance with that announced in the *Pace* and *Diversey cases, supra,* and that it is obvious that the treble damages which section 23 provides may be recovered in case of the violation of the provisions of that section were intended by the legislature as a punishment of a corporation or railroad company which failed to do what is commanded to be done by such corporation or railroad company by that section of the statute, and that said section 23 is a penal statute within the meaning of those cases, and that as the provision in section 22 providing that railroad corporations shall furnish, start and run cars for the transportation of passengers and property was omitted from section 23, the courts are powerless to enforce the penalty provided for in section 23 against a railroad corporation which fails to furnish, start and run cars for the transportation of passengers and property, as provided by

section 22 of the statute, by allowing the recovery of treble damages.

The court instructed the jury, on behalf of plaintiffs:

"If you further believe, from a preponderance of the evidence, that defendant refused to furnish to and for said Sauer & Son cars for the shipment of said grain within a reasonable time after said demands so made for said cars by said Sauer & Son of and upon said defendant, as explained in these instructions, and that, by reason of the said refusal of said defendant to so furnish said cars as aforesaid, said Sauer & Son suffered and sustained damages and financial loss because of a falling off in the market price of grain, * * * then your verdict should be for the plaintiffs, and in such case your verdict will be for an amount equal to three times the actual damages which you believe, from a preponderance of the evidence, said Sauer & Son have suffered by reason of said refusal of the defendant to furnish cars, as aforesaid."

The foregoing instruction was wrong in informing the jury that the plaintiffs were, under the circumstances stated in the instruction, entitled to recover "three times the actual damages" which the jury believed Sauer & Son had sustained, and by reason of the fact that the jury were informed the plaintiffs might recover if they had proved their case by *a preponderance of the evidence,* as in an action of debt for the recovery of a penalty more than a preponderance of the evidence is necessary to authorize a recovery. *Toledo, Peoria and Warsaw Railway Co.* v. *Foster,* 43 Ill. 480; *Ruth* v. *City of Abingdon,* 80 id. 418.

The judgments of the Appellate and circuit courts will be reversed and the cause remanded to the circuit court.

*Reversed and remanded.*

Farmer and Vickers, JJ., took no part in the decision of this case.