## City of Waverly v. Charles Goss.

1. INSTRUCTION—*upon degree of proof; what proper.* In a *quasi*-criminal prosecution, it is not error to instruct the jury that before a verdict can be rendered against the defendant the

plaintiff must make out its case by a "clear preponderance of the evidence."

2. INSTRUCTION—*when, upon presumption of innocence, properly given.* It is proper to instruct the jury upon the presumption of innocence in a *quasi*-criminal prosecution.

Action to recover penalty for violation of ordinance. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

A. L. HAMILTON and WORTHINGTON & REEVE, for appellant.

WILLIAM N. HAIRGROVE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action against appellee to recover the penalty prescribed for an alleged violation of an ordinance of the appellant city prohibiting the sale of intoxicating liquors, a trial by jury resulting in a verdict finding the defendant not guilty. From the judgment of acquittal rendered on such verdict this appeal is prosecuted by the plaintiff.

It is first urged as ground for reversal, that the verdict is contrary to the evidence. We have carefully examined the evidence as it appears in the abstract, and are unable to say that the verdict is so clearly contrary thereto as to warrant this court in disturbing the finding of the jury, whose province it was to determine the issues of fact.

By the eleventh instruction given on the part of the defendant, the jury were told that the term "clear preponderance of the evidence" meant such evidence as "clearly convinces the minds of the jury that the defendant is guilty as charged," and that "if the evidence fails by a clear preponderance to convince the jury that the defendant is guilty" they should so find; and by the twelfth instruction, that "if the evidence fails by a clear preponderance to satisfy the jury of

the guilt of the defendant," then they should find him not guilty.

It is contended by appellant that a higher degree of proof was thus required of it than is imposed by law. We are of opinion that the instruction in question substantially stated the rule applicable to cases of this character. T., P. & W. Ry. Co. v. Foster, 43 Ill. 480; Palmer v. People, 109 Ill. App. 269; Sloan v. People, 108 Ill. App. 545; A., T. & S. F. Ry. Co. v. People, 227 Ill. 270.

Complaint is made of instruction eleven, which states that the law presumes a defendant to be innocent and that such presumption is a substantial part of the law of the land. We perceive no objection to this instruction. While the present proceeding is not a criminal one, it is *quasi*-criminal, and the same rule applies in either case. Naylor v. City, 56 Ill. 285; Wiggins v. City, 68 Ill. 372; Tully v. Town, 6 Ill. App. 359; Berkowitz v. Lester, 121 Ill. 99; Bratsch v. People, 195 Ill. 166.

The judgment of the Circuit Court is affirmed.

*Affirmed.*