The People of the State of Illinois, Defendant in Error, v. Union Colliery Company and Edward Leming, Plaintiffs in Error.

Opinion filed January 23, 1933.

Isaac K. Levy, for plaintiffs in error.

Fletcher Lewis, State's Attorney, Roy C. Martin and W. R. Kee, for defendant in error.

Mr. Justice Edwards delivered the opinion of the court.

The State's attorney of Jackson county filed an information in the county court, charging plaintiffs in error, Union Colliery Company and Edward Leming, its superintendent, with violations of what is known as the "Shot Firers' Act." Cahill's St. ch. 93, ¶ 36

*et seq.* The information contained two counts; the first of which charged the violation of the act by neglecting and refusing to employ a sufficient number of practical, experienced miners, to be designated as shot firers, and to make their duties exclusively confined to inspecting and doing the firing of all blasts, prepared in a practical workmanlike manner, in the mine in question, and permitting and requiring shot firers to do and perform other duties in and about the mine. The second count set forth that shot firers were permitted and required to interchange with each other in the drilling of holes, preparing blasts, and in the inspection and firing of such blasts prepared by each other.

Motion to quash the information, and each count, was made and overruled, to which ruling exception was saved; trial by jury was waived, and the cause submitted to the court. After a hearing, the court found both plaintiffs in error guilty, upon both counts, and assessed a fine of $100 against each one, upon each count. This writ of error is sued out to reverse such judgment.

Plaintiffs in error contend that the information does not charge a crime; that the statute does not provide that persons engaged as shot firers shall not be permitted to do any other work than inspecting and firing shots or blasts, and that the act does not preclude shot firers from interchanging with other shot firers in drilling and preparing holes for blasting, and inspecting and firing such blasts.

On page 15 of the brief and argument of defendants in error, it is stated that section 2 of the act prescribes the duties of shot firers, and that the first information count is predicated upon that section; also, that the conduct, as charged in the second count, is a subterfuge to avoid the provisions of the Shot Firers' Act, and is not in compliance with the intent or purpose of

said section 2, Cahill's St. ch. 93, ¶ 36. Hence it is manifest that the prosecution is based upon the second section of the act, and to determine whether the information states a violation of its terms, it is necessary to consider the section, which is as follows:

"In all mines in this State where coal is blasted, and where more than two pounds of powder is used for any one blast; and, also in all mines in this State where gas is generated in dangerous quantities; a sufficient number of practical, experienced miners, who shall be citizens of the United States, and able to speak and understand the English language, to be designated as shot firers, shall be employed by the company, at its expense, whose duty it shall be to inspect and do all the firing of all blasts, prepared in a practical, workmanlike manner, in said mine or mines."

Section 8 of the act, Cahill's St. ch. 93, ¶ 42, provides that for a violation of any of its terms, the offender shall be subject to a fine or jail sentence, or both, in the discretion of the court.

The statute, being penal, is to be strictly construed, and not to be held, by construction or implication, to embrace matters which are not clearly within its terms. *Atchison, T. & S. F. Ry. Co. v. People,* 227 Ill. 270; *State Board of Health v. Ross,* 191 Ill. 87, at page 93.

It is evident that the purpose of the enactment is to promote the safety of mineworkers, and to further the efficiency of coal mining operations in certain cases, by requiring that in such situations the inspection and firing of blasts shall be under the direction of miners whose experience and skill fits them for the performance of such hazardous work, and that it be not left to the inexperienced and incapable employees. The matter is of such gravity that the operators of mines, of the classes mentioned in the statute, are required to provide a sufficient number of shot firers to inspect and fire all blasts within such mines, and if they fail to comply, are subject to a penalty.

The questions for decision are, Does section 2, when interpreted, require that persons, employed as shot firers, be precluded from doing any work in or about the mine other than inspecting and firing all blasts therein? Further, Does the construction of such statute prohibit persons so employed from interchanging, with each other, in the drilling of holes and preparing blasts, and in the inspection and firing of blasts prepared by each other?

The section, by its terms, refers to but one duty of the shot firers, and that is, the inspection and firing of all blasts, prepared in a workmanlike manner, in the mine. In section 3 it provides the further duty, that immediately upon the completion of their work, they shall post a notice in the mine, which shall indicate the number of shots fired, also the number not fired, specifying the number of the room and designation of the entry, together with the reason for not firing same, and shall keep a daily record, in permanent form, of such matters, which shall remain in the custody of the mine manager, and be subject to inspection at all times by interested parties.

Section 6 prohibits a shot firer from firing any unlawful shot or blast which, in his judgment, based upon his inspection, is not a workmanlike, proper and practical shot. No other duties are enjoined upon shot firers by any section of the act, nor does it contain any prohibition against their doing any other work around the mine, when not occupied by their duties of inspecting or blasting, nor is there any inhibition that they may not interchange in the performance of their duties in the drilling of holes and preparing blasts, and in the inspection and firing of such blasts, so prepared by each other.

The act is a criminal statute, to be strictly construed, and is not, by interpretation, to be held as including matters and situations which are not manifestly within

its provisions. *Atchison, T. & S. F. Ry. v. People, supra; Siegel v. People,* 106 Ill. 89, at page 97; *People v. Peacock,* 98 Ill. 172. The second section is clear and understandable, and apparently fully covers the subject it is designed to meet.

To hold that said section requires that shot firers may not be employed to do any work about a mine, except the inspection and firing of blasts, where such other work in no way conflicts or interferes with their duties as shot firers, or that they may not interchange with each other in drilling and preparing blasts, and in the inspection and firing of same, is to read into the section a provision not appearing therein, and which a court is without power to do.

In our opinion, the information did not, in either count, charge a criminal offense, and the court erred in overruling the motion to quash. For which reason the judgment will be reversed.

*Judgment reversed.*